**CITIES: ORDINANCES: PREEMPTION:** A city may completely prohibit smoking in restaurants under its general police powers. The Minnesota Clean Indoor Air Act expressly preserves the authority of cities to ban smoking where the Act, and Health Department rules promulgated thereunder, would otherwise allow designation of smoking areas by the proprietor.

62b
(cr.ref. 477b)

May 4, 2000

Mr. Peter Vogel
Rosenmeier, Anderson & Vogel
210 Second Street N.E.
Little Falls, MN 56345

Dear Mr. Vogel:

You are an attorney representing the City of Little Falls, Minnesota. The City Council is considering whether it can adopt an ordinance, pursuant to its general police power, to prohibit the smoking of tobacco in restaurants. In a letter to the Attorney General you submit the following:

## QUESTION

Do Minnesota Statues which authorize the regulation of smoking in restaurants by the Department of Health preempt a complete ban on smoking in restaurants by local ordinance?

## OPINION

We answer your question in the negative. While the legislature has addressed smoking in restaurants and other public places under the Minnesota Clean Indoor Air Act, Minn. Stat. §§ 144.411-144.417 (Supp.1999), it did so while expressly preserving the power of local government to impose more stringent smoking limitations.

Mr. Peter Vogel
Page 2

The authority for local regulation of smoking and of tobacco products in this state has long been established. In upholding a conviction of a cigarette wholesaler for violating a Minneapolis licensing ordinance, the Minnesota Supreme Court observed:

> The police power of the legislature in these respects has never been successfully questioned. Both the state and its municipalities have a wide discretion in resorting to that power for the purpose of preserving public health, safety, and morals, or abating public nuisances. Cigarettes being a proper field of regulation under the police power, a city or village may operate in that field under the general welfare clause of its charter unless excluded therefrom by express legislative enactment.

*State v. The Crabtree Co.*, 218 Minn. 36, 40, 15 N.W.2d 98, 100 (Minn. 1944). (Citation omitted.)

The state first entered into regulation of second-hand smoke (now called "environmental tobacco smoke") with the 1975 enactment of the Minnesota Clean Indoor Air Act (CIAA), Minn. Laws 1975, ch. 211. Examination of the CIAA, and rules promulgated by the Commissioner of Health[1] pursuant to the CIAA, indicate that these state restrictions on smoking in restaurants do not preempt local ordinances which prohibit smoking in restaurants.

The CIAA's stated purpose "is to protect the public health, comfort and environment by prohibiting smoking in areas where children or ill or injured persons are present, and by limiting smoking in public places and at public meetings to designated smoking areas." Minn. Stat. § 144.412. "Public places" are broadly defined in Minn. Stat. § 144.413, subd. 2, and include restaurants. Section 144.414, subd. 1, provides: "No person shall smoke in a public place or at a public meeting except in designated smoking areas." Subdivisions 2 and 3(a) of § 144.414

---

[1] Minn. R. 4620.0050-4620.1450 (1999).

describe areas where smoking is unconditionally prohibited. For other public places, including restaurants, § 144.415 provides (emphasis added):

> Smoking areas *may* be designated by proprietors or other persons in charge of public places, *except in places in which smoking is prohibited by the fire marshal or by other law, ordinance or rule.*

The Health Department rules implementing the CIAA repeat the exception established in § 144.415:

> Nothing in parts 4620.0050 to 4620.1500 shall be construed to affect smoking prohibitions imposed by the fire marshal or other laws, ordinances, or regulations.

Minn. R. 4620.0050 (1999).

The above provisions establish a general prohibition on smoking in public places with an exception for designated smoking areas in restaurants and certain other facilities if proprietors wish to have them and if they satisfy the requirements of both Minn. Stat. § 144.415 and of the Health Department rules. This exception, however, can be overruled by fire marshal action, or by other law, ordinance, or rule. In other words, a local government can by ordinance negate a proprietor's ability under the CIAA to designate smoking areas in a restaurant.[2]

In light of this express legislative direction and the well-established power of municipalities to regulate smoking under their police powers, we do not believe there is a need to engage in a preemption analysis to determine whether state law "occupies the field" or implicitly

---

[2] Included with your request was a copy of a city attorney opinion from another municipality on a different proposal for an environmental tobacco smoke ordinance. We have not reviewed that proposed ordinance and do not express any opinion on it. We disagree, however, with that opinion's construction of the CIAA to limit municipal authority to the adoption of ordinances which designate smoking areas in public places.

prohibits conflicting or inconsistent local regulation. *See Mangold Midwest Co. v. Village of Richfield*, 274 Minn 347, 143 N.W.2d 813 (Minn. 1966). That analysis need only be employed when the intent of the legislature as to local regulation of the same subject must be inferred from the context of the legislation. In this case, the legislature, by enacting Minn. Stat. 144.415, has expressly preserved the power of local governments to prohibit smoking in those public places which the CIAA otherwise leaves open for proprietor-designated smoking areas.

Thus, we conclude that an ordinance which prohibits the smoking of tobacco any place in a public restaurant is consistent with state law and not preempted by it.

Very truly yours,


MIKE HATCH
Attorney General


cc:    Stephen Shakman